# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FIRTIVA CORPORATION, : | |
| : | |
| Plaintiff, : | Civil Action No. |
| : | 2:21-cv-111-JRG-RSP |
| v. : | |
| : | |
| FUNIMATION GLOBAL GROUP, LLC, : | |
| : | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Funimation Global Group, LLC ("Funimation"), by and through its undersigned counsel, answers each numbered paragraph of the Complaint of Plaintiff Firtiva Corporation ("Firtiva") as follows:

### I.     NATURE OF THE ACTION

1.     Funimation admits the present action purports to be a patent infringement action against Funimation. Funimation denies the remining allegations contained in paragraph 1.

2.     Funimation admits that U.S. Patent No. 10,116,999 ("the '999 Patent") is entitled "Method for Advertisers to Sponsor Broadcasts Without Commercials," that the '999 Patent issued on October 30, 2018, and that a copy of the '999 Patent was attached as Exhibit A to the Complaint.  Funimation denies the remaining allegations contained in paragraph 2.

3.     Denied.

4.     Funimation admits that the Complaint purports to seek money damages and prejudgment interest for alleged infringement by Funimation. Funimation denies the remining allegations contained in paragraph 4 including that there is any past or continuing infringement by Funimation, or any damages or prejudgment interest owed by Funimation to Firtiva.

## II. THE PARTIES

5. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies them.

6. Admitted.

7. Admitted.

8. Admitted.

## III. JURISDICTION AND VENUE

9. Funimation admits that the Complaint purports to assert an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code, but denies that it is liable for patent infringement. Funimation admits that federal district courts have jurisdiction over patent actions under 28 U.S.C. §§ 1331 and 1338(a).

10. Funimation does not contest personal jurisdiction in this action. Funimation admits that it has a place of business at 1200 Lakeside Parkway, Suite 100, Flower Mound, Texas 75028, and that it conducts business in this District and in Texas. Funimation denies the remaining allegations contained in paragraph 10.

11. Funimation does not contest that venue in this action. Funimation admits that it has a place of business at 1200 Lakeside Parkway, Suite 100, Flower Mound, Texas 75028. Funimation denies the remaining allegations contained in paragraph 11.

## IV. FACTUAL ALLEGATIONS

12. Denied.

13. Funimation admits that claim 18 of the '999 Patent recites "combining content with embedded information in a broadcast by use of a multiplexer, the multiplexer inserting the

embedded information into the broadcast at pre-defined intervals throughout the broadcast by use of a timer, the embedded information including at least one end-of-slice marker that signals the end of a time slice, the time slice corresponding to a sponsor identification." Funimation denies the remaining allegations contained in paragraph 13.

14. Funimation admits that the '999 Patent purports to be a continuation of United States Patent Application No. 09/767,819 filed on January 22, 2001, and that the United States Patent and Trademark Office issued the '999 Patent on October 30, 2018. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies those allegations.

15. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies those allegations.

16. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies those allegations.

17. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies those allegations.

18. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies those allegations.

19. Funimation admits that Supreme Court's decision of *Alice Corp. v. CLS Bank International*, 573 U.S. 208 (2014), was issued on June 17, 2014, and that the applications that led to the '999 Patent were examined both before and after June 17, 2014. Funimation denies the remaining allegations contained in paragraph 19.

20. Funimation admits that the '999 Patent purports to claim a priority date of January 22, 2001, but denies the remaining allegations contained in paragraph 20.

21. Denied.

22. Denied.

23. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies those allegations.

24. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies those allegations.

25. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies those allegations.

26. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies those allegations.

27. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies those allegations.

## COUNT I: INFRINGEMENT OF THE '999 PATENT

28. Funimation repeats and incorporates by reference each of its answers in paragraphs 1 through 27 above as if fully set forth herein.

29. Denied.

30. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies those allegations.

31. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies those allegations.

32. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies those allegations.

33. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies those allegations.

34. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies those allegations.

35. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies those allegations.

36. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies those allegations.

37. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies those allegations.

38. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies those allegations.

39. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies those allegations.

40. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies those allegations.

41. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies those allegations.

42. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies those allegations.

43. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies those allegations.


Case 2:21-cv-00111-JRG-RSP   Document 13   Filed 06/07/21   Page 6 of 10 PageID #: 72

44. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies those allegations.

45. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies those allegations.

46. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies those allegations.

47. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies those allegations.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied

53. Denied.

54. Denied.

55. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and therefore denies those allegations.

56. Funimation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and therefore denies those allegations.

### FIRTIVA'S DEMAND FOR JURY TRIAL

No response is required to Firtiva's demand for a trial by jury of any and all issues triable of right before a jury, but Funimation hereby demands a trial by jury on all issues so triable, including without limitation, Funimation's defenses.


Funimation_s Answer to Complaint                                6

## FIRTIVA'S PRAYER FOR RELIEF

Funimation denies all allegations in Firtiva's prayer for relief and denies that Firtiva is entitled to any relief.

## FUNIMATION'S DEFENSES

Funimation incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and other defenses. By asserting these defenses, Funimation does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Funimation reserves all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## FIRST DEFENSE
### (Invalidity)

Each claim of the '999 Patent is invalid for failing to meet the requirements of patentability, including, without limitation, one or more of Sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

## SECOND DEFENSE
### (Noninfringement)

Funimation has not infringed any valid claim of the '999 Patent, either directly or indirectly, literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

## THIRD DEFENSE
### (Prosecution History Estoppel)

By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during prosecution of the applications that led to the

issuance of the '999 Patent, the claims of the '999 Patent are limited by the doctrines of prosecution history estoppel and/or prosecution disclaimer such that none of the claims of the '999 Patent could be properly construed to cover any products or activity of Funimation.

## FOURTH DEFENSE
### (Limitation on Damages)

Firtiva's claim for damages against Funimation for alleged infringement is statutorily barred, in whole or in part, by the provisions of 35 U.S.C. §§ 284, 286, 287 and/or 288.

## FIFTH DEFENSE
### (No Willful Infringement or Enhanced Damages)

Funimation has not willfully infringed the '999 Patent and Firtiva's claims for enhanced damages pursuant to 35 U.S.C. § 284, if any, and an award of fees and costs against Funimation, have no basis in fact or law and should be denied.

## SIXTH DEFENSE
### (No Attorneys' Fees)

Firtiva cannot show that it is entitled to attorneys' fees under 35 U.S.C. § 285.

## SEVENTH DEFENSE
### (Failure to State a Claim)

Firtiva's Complaint fails to state a claim upon which relief can be granted.

## RESERVATION OF RIGHTS

Funimation has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Funimation reserves the right to amend, or seek to amend, its answer, including its affirmative and other defenses.

## PRAYER FOR RELIEF

WHEREFORE, Funimation prays for the following relief:

A. That Firtiva's infringement claims against Funimation be dismissed with prejudice and that Firtiva takes nothing by way of its Complaint;

B. That judgment be rendered in favor of Funimation and against Firtiva;

C. That judgment be rendered that Funimation has not directly or indirectly infringed and is not directly or indirectly infringing any claim of the '999 Patent, literally or under the doctrine of equivalents;

D. That judgment be rendered that the claims of the '999 Patent are invalid;

E. That Funimation be awarded its attorneys' fees pursuant to 35 U.S.C. § 285;

F. That Funimation be awarded its costs and expenses incurred in this action; and

G. That Funimation be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Funimation hereby demand a trial by a jury on all issues so triable.

Dated:  June 7, 2021

Respectfully submitted,

/s/ *Melissa R. Smith*
Gregory S. Gewirtz (*pro hac vice*)
Jonathan A. David (*pro hac vice*)
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
20 Commerce Drive
Cranford, NJ 07016
Tel:     908.654.5000
Fax:    908.654.7866
Email: ggewirtz@lernerdavid.com
            jdavid@lernerdavid.com
            litigation@lernerdavid.com

Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

***Attorneys for Defendant***
***Funimation Global Group, LLC***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 7, 2021.

*/s/ Melissa Smith*
Melissa Smith