# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FIRTIVA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:21-CV-111-JRG |
| | § | |
| FUNIMATION GLOBAL GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**[PROPOSED] PROTECTIVE ORDER FOR**
**NON-PARTY GOOGLE-PRODUCED DISCOVERY**

WHEREAS, Plaintiff Firtiva Corporation ("Firtiva") and Defendant Funimation Global Group, LLC ("Funimation"), hereafter referred to as "the Parties," are parties to the above-captioned litigation.

WHEREAS, Firtiva has issued a subpoena on non-party Google LLC ("Google") where, in response to the requests in said subpoena, Google may produce highly confidential documents and information in this action that include trade secrets, confidential business information, or other proprietary information belonging to Google ("Google Confidential Information");

WHEREAS the Parties and Google seek certain protections governing the disclosure of such Google Confidential Information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof and to protect against misuse or disclosure of such Google Confidential Information, in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1

1.      Non-party Google may designate as confidential for protection under this Order, in whole

or in part, any document, information or material that constitutes or includes, in whole or

in part, confidential or proprietary information or trade secrets of Google or a Third Party

to whom Google reasonably believes it owes an obligation of confidentiality with respect

to such document, information or material ("Protected Material").  Protected Material shall

be designated by Google by affixing a legend or stamp on such document, information or

material as follows: "GOOGLE CONFIDENTIAL."  The word "GOOGLE

CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except

deposition and hearing transcripts and natively produced documents) for which such

protection is sought. For deposition and hearing transcripts, the word "GOOGLE

CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already

present on the cover page of the transcript when received from the court reporter) by each

attorney receiving a copy of the transcript after that attorney receives notice of the

designation of some or all of that transcript as "GOOGLE CONFIDENTIAL."  For natively

produced Protected Material, the word "GOOGLE CONFIDENTIAL" shall be placed in

the filename of each such natively produced document.

2.      With respect to documents, information or material designated "GOOGLE

CONFIDENTIAL, "GOOGLE RESTRICTED - ATTORNEYS' EYES ONLY," or

"GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED

MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "GOOGLE CONFIDENTIAL," "GOOGLE RESTRICTED - ATTORNEYS' EYES ONLY," or "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3. A designation of Protected Material (i.e., "GOOGLE CONFIDENTIAL," "GOOGLE RESTRICTED -ATTORNEYS' EYES ONLY," or "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If Google inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL, Google may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after Google becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

4. "GOOGLE CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of Google or upon order of the Court:

(a)     outside counsel of record in this Action[2] for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     up to one in-house counsel for the receiving Party who is a member in good standing of at least one state bar and has responsibility for making decisions dealing directly with the litigation of this Action;

(d)     outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action[4]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon Google with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The receiving party and Google agree to promptly confer and use good faith to resolve any such objection. If they are unable to resolve any objection, Google may file a motion with the Court within fifteen (15) days of the notice, or within such other time as agreed, seeking a protective order with respect to the proposed disclosure. Google shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order[5];

(e)     independent litigation support services, including persons working for or as court

---

[2] This "Action" means the above-captioned case between the Parties.

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which the s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with Google regarding any such engagement.

[4] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

[5] If non-party Google has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material, Google shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material that is produced after the time for objecting to such expert has expired or if new information about that expert is disclosed or discovered.

4

reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(f)      the Court and its personnel.

5.      Google shall designate documents, information or material as "GOOGLE CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of Google or a Third Party to whom Google reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6.      Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the knowledge of the existence of such Protected Material (i) shall be used only for prosecuting, defending, or attempting to settle this Action, (ii) shall not be used for any business purpose, in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and

5

subject to all of the terms and conditions of this Order.

7.    To the extent Google believes that certain Protected Material qualifying to be designated "GOOGLE CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, Google may designate such Protected Material "GOOGLE RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes or substantially relates to computer source code and/or live data (that is, data as it exists residing in a database or databases) , Google may designate such Protected Material as "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE" ("Source Code Material").

8.    For Protected Material designated "GOOGLE RESTRICTED -- ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a-b) and (d-f).

9.    For Protected Material designated "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE," the following additional restrictions apply:

(a)    Access to a Google's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secured locked room.  The stand-alone computer(s) may be connected to a printer. The stand-alone computer(s) may only be located within the continental United States at the offices of Google's outside counsel.  The stand-alone computer(s) shall have disk encryption and be password protected.  Use or possession of any input/output device (*e.g.,* USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s).  Google may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records

6

of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. Google may not record (visually, audibly or by other means) the activities of the receiving Party's representatives;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, Google shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties and Google agree to cooperate in good faith such that maintaining Google's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     Google shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     Google will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[6] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 4(d) above.

(f)     To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in this paragraph, no electronic copies or images of Source Code Material shall be made without prior written consent of Google. The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to create Source Code Documents or any drafts of these documents[7].  The receiving Party shall only include such excerpts

---

[6] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

[7] Drafts shall only include those excerpts the Receiving Party reasonably believes will be included in the final version.

as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a selected portion of the Source Code  Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order.  Additionally, all electronic copies must be labeled "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE."  If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders.

(h)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE" material, except that the Receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of the case without prior written approval by Google. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance. Within 5 business days or such additional time as necessary due to volume requested, Google will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE" unless objected to as discussed below.  At the Receiving Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by Google in a timely fashion. Even if within the limits described, Google may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 19.  Contested Source Code Printouts do not need to be produced to the receiving Party until the matter is resolved by the Court;

(i)     If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates

8

associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order;

(j) Google's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 9(e) above to another person authorized under paragraph 9(e) above on paper via hand carry. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically as is reasonably necessary for filing any Source Code Material with the Court;

(k) The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by Google, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE." The log of such notes need not be produced to any other party absent Court Order (e.g. potentially in connection with a Protective Order violation motion);

(l) A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to Google in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with Google. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. Google may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(m) The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from Google) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by Google, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures

9

employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

(n)     All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(o)     If a receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to Google of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

10.   Absent written consent from Google, any person associated or affiliated with the Parties and permitted to receive Google's Protected Material that is designated "GOOGLE RESTRICTED -- ATTORNEYS' EYES  ONLY" and/or "GOOGLE RESTRICTED CONFIDENTIAL   SOURCE   CODE" (collectively  "HIGHLY   SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, said Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to (a) online advertising, (b) digital media streaming, (c) any products, services, or systems accused in this Action, or (d) the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action (collectively the "Field of Invention") during the pendency of this Action and for three years after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any

39479665.1

person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[8]  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Field of Invention.

11.     Absent written consent from Google, any individual affiliated with the Parties who obtains, receives, has access to, or otherwise learns, in whole or in part, the any other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not be involved in any activity related to: the (i) the acquisition of patents or patent applications relating to the Field of Invention or (ii) the advising or counseling clients regarding the same.  This Acquisition Bar shall begin when such HIGHLY SENSITIVE MATERIAL is first received by the affected individual and shall end three (3) years after the conclusion of this Action, including any appeals.

12.     Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.,* 15 CFR 734.2(b).  No Protected Material

---

[8] Prosecution includes, for example, original prosecution, reissue, inter partes review, post grant review, covered business method review and reexamination proceedings.

11

may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of Google to the extent that such agreed to procedures conform with applicable export control laws and regulations.

13.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. If Google produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, Google may obtain the return of such documents, information or other material by

notifying the recipient(s) and providing a privilege log for the produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to Google, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to Google.

14.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with Google, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing Google or from the Court.[9]  Parties

---

[9] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Exhibit A.  In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a

shall give Google reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that Google can ensure that only authorized individuals are present at those proceedings. Subject to any challenge to a particular designation under paragraph 19, any reasonable request that the courtroom be sealed will not be opposed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

16.     Where a deposition or hearing involves the use of any Protected Material, the Parties must and Google may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "GOOGLE CONFIDENTIAL," "GOOGLE RESTRICTED - ATTORNEYS' EYES ONLY," or "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE" according to the designation of the Protected Material implicated and pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "GOOGLE RESTRICTED - ATTORNEYS' EYES ONLY" or as "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE," if Source Code Material is used at the deposition or hearing.

17.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible

---

protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court. At any point, a Party may seek to designate and protect previously produced Protected Material as Highly Sensitive Documents/Information (HSD/HSI). The Parties will follow any applicable court orders regarding the procedures for HSD/HSI.

18.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  Notwithstanding the foregoing, a Party shall provide a minimum of two business days notice to Google in the event that a Party intends to use any Protected Information during trial. Subject to any challenges under Section 20, the Parties will not oppose any reasonable request by Google that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

19.   A Party may request in writing to Google that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If Google does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court

for relief. Upon any such application to the Court, the burden shall be on Google to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, Google's designation shall be maintained.

20.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.   If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "GOOGLE CONFIDENTIAL" or "GOOGLE RESTRICTED – ATTORNEYS' EYES ONLY" or "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE" that Party must:

(a) promptly notify Google in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify, in writing, the person or entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

16

(c) cooperate with respect to all reasonable procedures sought to be pursued by Google whose Protected Material may be affected. If Google seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "GOOGLE CONFIDENTIAL," "GOOGLE RESTRICTED -- ATTORNEYS' EYES ONLY," or "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained Google's permission. Google shall bear the burden and expense of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding materials which have been admitted into evidence in this Action), shall at Google's election either be returned to Google or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to Google, upon Google's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.     Any Party or Google knowing or believing that any Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.     Production of DESIGNATED MATERIAL by Google shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim Google may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights to assert any applicable discovery or trial privilege.

27.     Each of the Parties and Google shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28.     Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, and subject to the limitations for transferring certain Protected Material as set

18

forth herein, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.  Subject to the requirements for the use of certain Protected Material as set forth herein, if Protected Material is to be used during a deposition, Google shall be permitted to specify the technology to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

29. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FIRTIVA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:21-CV-111-JRG |
| | § | |
| FUNIMATION GLOBAL GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER FOR
NON-PARTY GOOGLE-PRODUCED DISCOVERY**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order for Non-Party Google-Produced Discovery ("Google Protective Order") in this action. I have carefully read and understand the provisions of the Google Protective Order.

3.  I will comply with all of the provisions of the Google Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Google Protective Order, and will use only for purposes of this action any information designated as "GOOGLE CONFIDENTIAL," "GOOGLE RESTRICTED -- ATTORNEYS' EYES ONLY," or "GOOGLE RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things

39479665.1

designated as  "GOOGLE CONFIDENTIAL," "GOOGLE RESTRICTED --

ATTORNEYS' EYES ONLY," or "GOOGLE RESTRICTED CONFIDENTIAL

SOURCE CODE" that came into my possession, and all documents and things that I have

prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _