IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FIRTIVA CORPORATION, | § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Case No. 2:21-cv-00111-JRG-RSP |
| FUNIMATION GLOBAL GROUP, LLC, | | |
| *Defendant*. | | |

## ORDER

Before the Court is the Motion to Compel Discovery filed by Plaintiff Firtiva Corporation. Dkt. No. 72. Firtiva moves the Court to compel Defendant Funimation Global Group, LLC "to produce the requested financial and conversion documents and information relating to Funimation's subscription video-on-demand ("SVOD") services." *Id*. at 4.[1] Firtiva has accused Funimation's advertising video-on-demand ("AVOD") service of infringing its patents. *Id*. AVOD (the accused product) is a free service that allows users to access Funimation's content, but at some point(s) users are directed to watch advertisements; in contrast to SVOD which is a paid service that allows users to watch Funimation's content without advertisements. *See id*.

Firtiva accuses Funimation of withholding relevant documents related to Interrogatory Nos. 12-14, which request information related to SVOD, "including but not limited to Funimation's total SVOD revenues, profits, costs, and product margins." *Id*. at 5–6.

Funimation responds that Firtiva's interrogatories are untimely and of marginal relevance. Dkt. No. 76 at 4. Funimation argues that the Court's discovery deadline extension was limited in

---

[1] Citations are to document numbers and page numbers assigned through ECF.

scope and only extends the fact discovery deadline with respect to third party fact discovery. *Id*. at 5–6. Funimation argues, that even if the discovery extension is not limited, Firtiva's requests should still be considered untimely because they should have been propounded earlier. *Id*. at 4. Additionally, Funimation states that the relevance of the requested SVOD documents is minimal because it only relates to *Georgia Pacific* factor 6. *See id*. at 8.

As a preliminary matter, the scope of the Court's discovery extension was not so limited. The specific phrase in the Court's previous Order that Funimation points to as limiting is merely *a* reason the Court extended the discovery deadline not a limitation on the extension's scope. Funimation's argument that Firtiva should have requested SVOD discovery earlier is equally unavailing. Firtiva requested the documents within a reasonable time before the close of the extended fact discovery deadline. Lastly, the requested SVOD discovery is highly relevant to *Georgia-Pacific* factor 6. *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Funimation's own witnesses and documentation state that a purpose of AVOD is to "funnel" users into Funimation's paid SVOD service. *See* Dkt. No. 72-1 at 2 ("We use AVOD as a funnel to drive subscriptions to our SVOD service."); *see also* Dkt. No. 76-1 at 3.

Accordingly, the Motion is **GRANTED**.

**SIGNED this 23rd day of February, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE