**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FIRTIVA CORPORATION | § § | |
| v. | § § § | Case No. 2:21-CV-0111-JRG-RSP |
| FUNIMATION GLOBAL GROUP, LLC | § § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT TO LIMIT DAMAGES PERIOD BASED ON FAILURE TO MARK**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## TABLE OF CONTENTS

Page

I.  RESPONSE TO FUNIMATION'S ISSUES TO BE DECIDED BY THE COURT .................................................................................................... 1

II. RESPONSE TO FUNIMATION'S STATEMENT OF UNDISPUTED MATERIAL FACTS ........................................................................... 1

III. FIRTIVA'S ADDITIONAL STATEMENTS OF UNDISPUTED MATERIAL FACTS ................................................................................ 4

IV. LEGAL STANDARD ............................................................................ 5

V.  ARGUMENT .......................................................................................... 6

A.  Triable Issues Of Material Fact Preclude Summary Judgment on Failure to Mark .............. 6

B.  Triable Issues Of Material Fact Preclude Summary Judgment As To A Damages Period Beginning on February 10, 2021 ........................................................................... 9

VI. CONCLUSION ..................................................................................... 10

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**Page(s)**

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Amsted Industries v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994), ......................7,8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)...................................................................5

*Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350 (Fed. Cir. 2017)..........5

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141 (1989)...........................................7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................................5

*Dealertrack, Inc. v. Huber*, 674 F.3d 1315(Fed. Cir. 2012) ..........................................................7

*Fisk Electric Company v. DQSI, LLC*, 894 F.3d 645 (5th Cir. 2018) .............................................5

*Image Processing Technologies, LLC v. Samsung Electronics Co., Ltd.*, No. 2:20-CV-00050-JRG, 2020 WL 6832827 (E.D. Tex. June 19, 2020)...................................................................9

*Manufacturing Resources International, Inc. v. Civiq Smartscapes, LLC*, 397 F. Supp. 3d 560 (D. Del. 2019) ..............................................................................................................................7, 9

*Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437 (Fed. Cir. 1998) .............................................7

*Vivid Technologies, Inc. v. American Science. & Engineering, Inc.*, 200 F.3d 795 (Fed. Cir. 1999) ...................................................................................................................................................5

**FEDERAL STATUTES**

35 U.S.C. § 287......................................................................................................1, 2, 5, 6, 7, 8, 9

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Plaintiff Firtiva Corporation ("Firtiva") respectfully submits this response in opposition to Funimation Global Group, LLC ("Funimation")'s Motion for Summary Judgment to Limit Damages Period Based on Failure to Mark (Dkt. 85).

## I.    RESPONSE TO FUNIMATION'S ISSUES TO BE DECIDED BY THE COURT

Whether summary judgment to limit the damages period based on a failure to mark should be denied because:

1.    The record contains sufficient evidence upon which a trier of fact could determine that Firtiva complied with 35 U.S.C. § 287(a)'s marking requirement.

2.    The record contains sufficient evidence upon which a trier of fact could determine that Firtiva complied with 35 U.S.C. § 287(a)'s marking requirement prior to February 10, 2021.

## II.    RESPONSE TO FUNIMATION'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    Firtiva's Complaint was filed on March 31, 2021. (Dkt. 1, Compl.)

**Firtiva's Response:** Undisputed.

2.    U.S. Patent No. 10,116,999 ("the '999 Patent") issued on October 30, 2019. (Dkt. 1-1, '999 Patent.)

**Firtiva's Response:** Disputed.  The '999 Patent" was issued on October 30, 2018.  (Dkt. 1-1, '999 Patent.)

3.    The '999 Patent expires on April 12, 2022, 20 years and 445 days from the claimed priority filing date of January 22, 2001, of patent application Serial No. 09/767,891. (*Id.*)

**Firtiva's Response:** Undisputed, but immaterial.

4.    In the Complaint, Firtiva stated: "Firtiva marks its goods and services with, among other things, the '999 Patent on its website." (Dkt. 1, Compl. ¶ 27.)

**Firtiva's Response:** Undisputed.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

5.      In the Complaint, Firtiva stated: "To the extent 35 U.S.C. § 287 is determined to be applicable, Firtiva is informed and believes its requirements have been satisfied with respect to the '999 Patent." (*Id.* ¶ 55.)

**Firtiva's Response:** Undisputed.

6.      In its Answer, Funimation asserted as its Fourth Affirmative Defense: "Firtiva's claim for damages against Funimation for alleged infringement is statutorily barred, in whole or part, by the provisions of 35 U.S.C. §§ 284, 286, 287, and/or 288." (Dkt. 13, Answer 8.)

**Firtiva's Response:** Undisputed.

7.      Claim 10 of the '999 Patent recites "A computer comprising: [a] a receiver …; [b] a storage device …; and [c] a transmitter …." (Dkt. 1-1, '999 Patent cl. 18.)

**Firtiva's Response:** Undisputed that claim 10 of the '999 Patent, in part, recites "A computer comprising: [a] a receiver …; [b] a storage device …; and [c] a transmitter …." (Dkt. 1-1, '999 Patent cl. 18.)

8.      Claim 27 of the '999 Patent recites "A system comprising: [a] a transmitter …; [b] a receiver …; and [c] a controller …." (Dkt. 1-1, '999 Patent cl. 27.)

**Firtiva's Response:** Undisputed that claim 27 of the '999 Patent, in part, recites "A system comprising: [a] a transmitter …; [b] a receiver …; and [c] a controller …." (Dkt. 1-1, '999 Patent cl. 27.)

9.      In Firtiva's P.R. 3-1 disclosures served on July 1, 2021, Firtiva stated: "Pursuant to P.R. 3-1(f), Firtiva asserts that its platform at firtiva.com practices the invention recited in claims 1, 2, 4, 7, 9, 10, 13, 15-22, 25-27, and 31-33." (Ex. 1, Firtiva Infringement Contentions 2.)

**Firtiva's Response:** Undisputed.

10.      Firtiva was established in 2013 and maintains its platform at www.firtiva.com.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

(Dkt. 1, Compl. ¶ 25.)

**Firtiva's Response**:  Undisputed that Firtiva was established in 2013 (Dkt. 1, Compl. ¶ 24) and maintains its platform at www.firtiva.com. (Dkt. 1, Compl. ¶ 26.)

11.    Mr. Zeidman was designated at Firtiva's Rule 30(b)(6) witness in response to Funimation's 30(b)(6) Deposition Notice. (Ex. 10, Funimation's Rule 30(b)(6) Notice of Dep. of Firtiva Corp.; Ex. 4, Zeidman Dep. 7-8.)

**Firtiva's Response**:  Undisputed, but immaterial.

12.    Topic 8 of Funimation's 30(b)(6) Deposition Notice was: "The marking or non-marking with patent numbers of any products or services of Firtiva or Firtiva's licensees with respect to the '390 or '999 Patent." (Ex. 10, Funimation's Rule 30(b)(6 Notice of Dep. of Firtiva Corp. 3.)

**Firtiva's Response**:  Undisputed, but immaterial.

13.    Mr. Zeidman confirmed at his deposition that the system provided at Firtiva's website practices the claims of the '999 Patent. (Ex. 4, Zeidman Dep. 54:4-10.)

**Firtiva's Response**:  Undisputed.

14.    Firtiva has used its platform and has been providing its website services since October 2014. (*Id.* 54.)

**Firtiva's Response**:  Undisputed.

15.    Mr. Zeidman is the sole owner and officer of Firtiva Corporation. (*Id.* 52:22-53:7.)

**Firtiva's Response**:  Undisputed, but immaterial.

16.    During discovery, Firtiva produced as "Firtiva_0011540-41" a two-page printout of its website with the date of 2/10/2021, which was marked as Funimation Exhibit 6 at the deposition of Mr. Zeidman. (Ex. 11, Firtiva_0011540-41.)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**Firtiva's Response**:  Undisputed.

17.    Firtiva_0011540-41 includes the statement: "Firtiva is a new video-on-demand website that's built on a patented technology to provide commercial-free content while sending second screen advertisements to a highly targeted audience." (*Id.* at 11540.)

**Firtiva's Response**:  Undisputed.

18.    Firtiva_0011540-41 also includes the statement: "LEGAL | Terms of service (tos.php), Privacy Policy (privacy.php) | Firtiva technology is covered by US Patents 8,136,390 and 10,116,999." (*Id.* at 11541.)

**Firtiva's Response**:  Undisputed.

19.    Mr. Zeidman did not identify any other documents produced about the www.firtiva.com website being marked with patent numbers. (Ex. 4, Zeidman Dep. 121:18-25.)

**Firtiva's Response**:  Disputed.  Mr. Zeidman testified that he did not recall whether he had provided any other documentation about the website being marked with the patent numbers.  (Ex. 4, Zeidman Dep. 121:18-25.)

20.    Firtiva did not provide any notice of infringement of the '999 Patent to Funimation prior to the filing of the lawsuit. (*Id.* 130:17-19.)

**Firtiva's Response**:  Undisputed, but immaterial.

**III.    FIRTIVA'S ADDITIONAL STATEMENTS OF UNDISPUTED MATERIAL FACTS**

1.    Since at least as early as the '999 Patent was issued in October 30, 2018, Firtiva's website, www.firtiva.com, was marked at the bottom of the main page with a notice stating, "Firtiva technology is covered by US patents 8,316,390 and 10,116,999."  *See* Ex. A (Declaration of Bob Zeidman), ¶¶ 2-3; Ex. B (Wayback Machine captures of Firtiva.com on January 20, 2019, June 28, 2019, September 28, 2020, November 25, 2020, and January 13, 2022).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

2.      The main page of www.firtiva.com also included a statement: "Firtiva is a new video-on-demand website that's built on a patented technology to provide commercial-free content while sending second screen advertisements to a highly targeted audience." *See* Ex. B.

## IV.    LEGAL STANDARD

Pursuant to 35 U.S.C. § 287(a), "a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017). The patentee bears the burden of proving that he complied with § 287(a)'s marking requirement. *Id.* at 1366.

Summary judgment should only be granted if the movant shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "When the moving party does not have the burden of proof on an issue that is the subject of the summary judgment motion … the movant nonetheless bears the initial burden of coming forward with sufficient evidence to demonstrate that there is no material issue of fact that would preclude summary judgment, and that it is entitled to judgment as a matter of law." *Vivid Techs, Inc. v. Am. Sci. & Eng'g., Inc.*, 200 F.3d 795, 806 (Fed. Cir. 1999).

If the movant meets its initial burden, the burden the shifts to the non-moving party who "need only show either that the movant did not establish that it is entitled to judgment on undisputed facts or on the opposer's version of the facts, or that there are material issues of fact which require resolution at trial." *Id.* at 806-07. Any evidence at the summary judgment stage must be viewed in the light most favorable to the non-movant and reasonable inferences must be drawn in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Fisk Elec. Co. v. DQSI, LLC*, 894 F.3d 645, 650 (5th Cir. 2018).

39835383.5

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## V.    ARGUMENT

### A.    Triable Issues Of Material Fact Preclude Summary Judgment on Failure to Mark

Pursuant to 35 U.S.C. § 287(a), a patentee may mark a patented article by placing the patent

number on the article.  In particular, § 287(a) provides:

> Patentees, and persons making, offering for sale, or selling within the United States
> any patented article for or under them, or importing any patented article into the
> United States, may give notice to the public that the same is patented, either by
> fixing thereon the word "patent" or the abbreviation "pat.", together with the
> number of the patent, or by fixing thereon the word "patent" or the abbreviation
> "pat." together with an address of a posting on the Internet, accessible to the public
> without charge for accessing the address, that associates the patented article with
> the number of the patent, or when, from the character of the article, this can not be
> done, by fixing to it, or to the package wherein one or more of them is contained, a
> label containing a like notice. In the event of failure so to mark, no damages shall
> be recovered by the patentee in any action for infringement, except on proof that
> the infringer was notified of the infringement and continued to infringe thereafter,
> in which event damages may be recovered only for infringement occurring after
> such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a).

Funimation asserts that there is no evidence that Firtiva actually affixed the '999 Patent

number on any "computer or computer system that practices the apparatus of claims 10 and 27 of

the '999 Patent."  Mot. at 6.  To support its argument, Funimation cites to the deposition of Bob

Zeidman, Firtiva's sole owner and 30(b)(6) designee:

> Q. Do you mark any of the computers that are used by Firtiva's system with the
> patent numbers?
> A. The Firtiva system is operated on Amazon web services.· So I don't believe I
> have a way of marking them.

*Id.*

However, Funimation points to no authority or evidence indicating that to comply with the

marking requirement, Firtiva was obligated to physically mark computers implementing claims 10

and 27 of Firtiva's '999 Patent.  Nor could they—such an obligation would be practically

6

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

impossible to satisfy ████████████████████████████████████████████

████████████ Ex. C (Declaration of Atif Hashmi, Ph.D.), ¶¶ 85-95.

Since at least as early as the '999 Patent was issued in October 30, 2018, Firtiva's website, www.firtiva.com, was marked at the bottom of the main page with a notice stating, "Firtiva technology is covered by US patents 8,316,390 and 10,116,999." ASOF ¶ 1. Additionally, the main page included a statement, "Firtiva is a new video-on-demand website that's built on a patented technology to provide commercial-free content while sending second screen advertisements to a highly targeted audience." ASOF ¶ 2. "The notice requirement is designed for the information of the public and provides a ready means of discerning the status of the intellectual property embodied in an article of manufacture or design." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989). "In determining whether the patentee marked its products sufficiently to comply with the constructive notice requirement, the focus is not on what the infringer actually knew, but on whether the patentee's actions were sufficient, in the circumstances, to provide notice *in rem*." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998).

Claim 10 of the '999 Patent, for example, describes components of a computer that are "configured" to perform certain functions. A computer is configured to perform a function when it includes programming to perform the function. *See Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1329 (Fed. Cir. 2012). As such, a client computer would only be made into a computer covered by the '999 Patent by adding programming, such as by loading the Firtiva website where Firtiva expressly stated that "Firtiva technology is covered by US patents 8,316,390 and 10,116,999." Thus, Firtiva took specific actions to provide notice of its patent to its technology. Indeed, the case *Amsted Industries v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994), on which

7

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Funimation relies (Mot. at 6), states that marking a component of a product "'for use under U.S. X,XXX,XXX' would have sufficed" for patent marking. *Id.* at 185. In the same manner, Firtiva placed notice that its website to be interpreted on a computer was covered by at least the '999 Patent.

Similarly, a server-side implementation of claim 27 also contained the same marking via the Firtiva.com webpage, which would be the only means for a user to interface with such an implementation.

To the extent that Funimation's assertion that, "Firtiva's decision to use a third party (Amazon) to provide the system does not relieve Firtiva from marking" (Mot. at 6) is intended to suggest that <u>physical</u> (*e.g.*, printed external) marking of the particular servers that implement the Firtiva.com service at any given moment, Funimation has asserted no authority for such a requirement.[1] Moreover, this requirement would be both impractical in a cloud-computing environment and inconsistent with *Nike*'s "sufficient, in the circumstances" test for marking.

Accordingly, Funimation's motion for summary judgment should be denied, and this Court should find as a matter of law that Firtiva has fully complied with the marking requirements of § 287. At a minimum, Firtiva's evidence of virtual marking creates a factual issue as to whether it has complied with § 287's marking requirement, and summary judgment on this issue should be denied.

---

[1] The sole cited authority for Funimation's assertion (*Amstead Indust. Inc. v. Buckeye Steel Castings Co.*) concerns center plates for railway cars. Such center plates, of course, are not implemented dynamically in response to user demand like cloud-computing applications. The center plates are manufactured once and are static.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

B.    **Triable Issues Of Material Fact Preclude Summary Judgment As To A Damages Period Beginning on February 10, 2021**

Next, Funimation argues that "[i]n the event that the statements on Firtiva's website are deemed sufficient to comply with the marking statute … , the damages period should only begin from February 10, 2021, the date of the website printout, the only evidence produced by Firtiva during discovery or mentioned at its Rule 30(b)(6) deposition on the topic of patent marking." Mot. at 8.  Funimation's request should be denied.

As discussed above, the date of the website printout is not the date of the notice.  Since at least as early as the October 30, 2018 issue of the '999 Patent, Firtiva's website contained a notice at the bottom of the main page stating, "Firtiva technology is covered by US patents 8,316,390 and 10,116,999."  ASOF ¶ 1.  The main page also included a notice stating, "Firtiva is a new video-on-demand website that's built on a patented technology to provide commercial-free content while sending second screen advertisements to a highly targeted audience."  ASOF ¶ 2.

Given the evidence of Firtiva's continuous virtual marking, at the very least, there is a genuine issue of material fact as to whether Firtiva has substantially and continuously marked its patented product.  *See Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00050-JRG, 2020 WL 6832827, at *3 (E.D. Tex. June 19, 2020) ("[C]ompliance with the marking statute, 35 U.S.C. § 287(a), is a question of fact.") (citing *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001)); *see also Mfg. Res. Int'l, Inc. v. Civiq Smartscapes, LLC*, 397 F. Supp. 3d 560, 576 (D. Del. 2019) (finding that patentee's evidence of sample product patent marking labels and a declaration under oath that patentee consistently and continuously marked substantially all of its patented products through virtual marking was sufficient to survive summary judgment). Indeed the undisputable evidence is that Firtiva provided its patent marking for the '999 Patent well in advance of February 10, 2021.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Funimation cannot obtain summary judgment to commence the damages period on February 10, 2021, simply because it was unaware of such evidence. During Mr. Zeidman's deposition, Funimation only questioned him about the February 10, 2021 print out of Firtiva's main page, and did not ask any questions to determine whether Firtiva marked its website at other times other than February 10, 2021. *See* Ex. D (Zeidman Dep.), 120:13-122:9.

## VI. CONCLUSION

For the reasons set forth above, Firtiva respectfully requests the Court deny Funimation's motion for summary judgment that (1) Firtiva has failed to comply with the marking requirement, and (2) Firtiva's marking compliance was only effective as of February 10, 2021.

Date: March 25, 2022                    Respectfully Submitted,


                                        /s/ *Brian R. Michalek (DRAFT)*
                                        Brian R. Michalek
                                        Joseph M. Kuo
                                        Lillian J. Lee
                                        Saul Ewing Arnstein & Lehr LLP
                                        161 North Clark Street, Suite 4200 Chicago, IL 60601
                                        312-876-7836
                                        Fax: 312-876-0288
                                        Email: brian.michalek@saul.com
                                               joseph.kuo@saul.com
                                               lillian.lee@saul.com

                                        Brian R. Landry
                                        Saul Ewing Arnstein & Lehr LLP
                                        131 Dartmouth Street, Suite 501
                                        Boston, MA 02116
                                        617-912-0969
                                        Fax: 857-400-3780
                                        Email: brian.landry@saul.com

                                        Claire Abernathy Henry
                                        Andrea Leigh Fair
                                        Ward, Smith & Hill, PLLC
                                        1507 Bill Owens Parkway

39835383.5

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Longview, TX 75604
903-757-6400
Fax: 903-757-2323
Email:    claire@wsfirm.com
andrea@wsfirm.com

**ATTORNEYS FOR**
**FIRTIVA CORPORATION**

39835383.5

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

The undersigned certifies the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 25th day of March 2022.

_/s/ *Brian R. Michalek*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that on August 16, 2021, this Court entered a Protective Order (Dkt. 32) which authorizes filing this document and attachments under seal.

*/s/ Brian R. Michalek*

1