IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FIRTIVA CORPORATION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:21-cv-00111-JRG-RSP |
| FUNIMATION GLOBAL GROUP, LLC, | § § § | |
| *Defendant*. | § | |

## **MEMORAUNDUM ORDER**

Before the Court is the Omnibus Motion to Strike Portions of the Expert Reports of Benjamin F. Goldberg and Dana M. Trexler filed by Plaintiff Firtiva Corporation. Dkt. No. 87. Having considered the briefing, the Court **GRANTS IN PART** the motion.

**I.      BACKGROUND**

On March 31, 2021, Firtiva filed the present suit against Defendant Funimation Global Group, LLC. Dkt. No. 1. Firtiva alleges that Funimation's advertising video-on-demand ("AVOD") infringes certain claims of U.S. Patent No. 10,116,999 (the "'999 Patent").

On February 7, 2022, Funimation served the Opening Expert Report of Dr. Benjamin F. Goldberg, which contained Dr. Goldberg's opinions concerning the validity of the '999 Patent. Dkt. No. 87 at 1. Later, on February 22, 2022, Funimation served the Rebuttal Expert Report of Dr. Goldberg, which contained his opinions related to infringement, and the Rebuttal Expert of Dana M. Trexler, which contained Ms. Trexler's opinions concerning damages. *Id.*

In its motion, Firtiva moves the court to strike: (1) Dr. Goldberg's opinions on written description; (2) Dr. Goldberg's opinions on divided infringement; (3) Dr. Goldberg's opinions

1

relying on unidentified source code; and (4) Dr. Goldberg's and Ms. Trexler's opinions regarding non-infringing alternatives.

## II. DISCUSSION

### a. Dr. Goldberg's Opinions On Written Description

Firtiva seeks to strike Dr. Goldberg's opinions regarding the '999 Patent being invalid under 35 U.S.C. § 112, ¶ 1 for lack of written description contained in his opening report at ¶¶ 1180-1207 and his rebuttal report at ¶¶ 258-84. Beginning with the opening report, Firtiva argues that Dr. Goldberg's opinions should be stricken because Dr. Goldberg's written description argument "flatly contradicts the Court's Claim Construction Ruling" and Firtiva specifically focuses on Dr. Goldberg's opinions on the limitations of "receiving an enticement" and "transmitting an enticement." Dkt. No. 87 at 2. In response, Funimation argues that the Court broadly construed these limitations and that Dr. Goldberg opines that the specification does not provide adequate written description to show that the inventors had possession of the full scope of the claims as of the filing date. Dkt. No. 98 at 4-5.

The Court finds that Dr. Goldberg's opinions related to the claim term of "at a later time" do contradict the Court's claim construction. The Court found during claim construction that "at a later time" is relative to "the invention placing or updating a cookie on the viewer's television hard drive," Dkt. No. 63 at 8, or, depending on the context of the claim limitation, "relative to the invention sending data to a centralized database that contains information about the show and the user." *Id.* at 9. Dr. Goldbert clearly opines that the "at a later time" is relative to the broadcast. *See, e.g.*, Dkt. No. 87-1 at ¶ 1193. Therefore, the Court strikes ¶¶ 1193-1200 of Dr. Goldberg's Opening Report.

Moving to Dr. Goldberg's rebuttal report, Firtiva seeks to strike Dr. Goldberg's rebuttal opinions that the opinions of Firtiva's expert Dr. Hashmi concerning the "viewing information" and "the time slice corresponding to the sponsor identification" lack written description support. Dkt. No. 87 at 2. Firtiva argues that these written description arguments were not timely disclosed in Funimation's invalidity contentions and therefore should be excluded. *Id.* at 3 (citing *Good Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-cv-134-JRG-RSP, 2017 WL 2839493, at *2 (E.D. Tex. Apr. 20, 2017). Funimation responds, not by arguing that these written description theories were contained in its invalidity contentions, but rather that "[t]hese opinions were offered in rebuttal to new claim construction positions taken by Dr. Hashmi . . . ." Dkt. No. 98 at 5.

The Court finds that the alleged new "claim construction positions" are Dr. Hashmi opining about the plain and ordinary meaning of the terms and how the accused product falls within the plain and ordinary meaning. Therefore, these are not new "claim construction positions" that would justify Dr. Goldberg's untimely written description opinions. Because these opinions were not disclosed in Funimation's invalidity contentions as required by P. R. 3-3(d) and Funimation's only offered justification is unpersuasive, the Court strikes ¶¶ 258-84 of Dr. Goldberg's rebuttal report.

### b. Dr. Goldberg's Opinions On Divided Infringement

Firtiva seeks to strike Dr. Goldberg's rebuttal opinions concerning divided infringement on the basis that Dr. Goldberg is "incompetent to render these legal conclusions" as to joint infringement and whether Funimation utilizes all the components of the system for divided infringement of a system claim. Dkt. No. 87 at 3-4.

The Court finds that Firtiva's arguments are unpersuasive. Dr. Goldberg stated that Funimation's counsel provided the legal standard for divided infringement, and upon reviewing

3

Dr. Hashmi's opening report on infringement, Dr. Goldberg opined that certain requirements for divided infringement were not met. Thus, Firtiva attacks Dr. Goldberg's conclusions, not his methodology. This issue would be best addressed on cross examination, not by striking Dr. Goldberg's opinions.

### c. Dr. Goldberg's Opinions Relying on Unidentified Source Code

Next, Firtiva seeks to strike certain opinions that Firtiva argues are based on unidentified source code, specifically the opinions contained in ¶ 87 of Dr. Goldberg's rebuttal report. Dkt. No. 87 at 4-5. The Court finds that Dr. Goldberg identified the source code he relied upon in the same paragraph Firtiva alleges contains no reference to source code. Therefore, the Court does not strike Dr. Goldberg's opinions because he did identify the source code he relied upon.

### d. Dr. Goldberg's and Ms. Trexler's Opinions Regarding Non-Infringing Alternatives

Finally, Firtiva seeks to strike Dr. Goldberg's opinions contained in his rebuttal report at ¶¶ 222-32, which are related to non-infringing alternatives ("NIAs"), based on his failure to address whether the NIAs would be commercially acceptable. Dkt. No. 87 at 5. Similarly, Firtiva seeks to strike Ms. Trexler's damages opinions related to NIAs because Firtiva argues she also failed to offer opinions as to the acceptability of the NIAs and relied on the allegedly improper opinions of Dr. Goldberg as to the availability of these NIAs. *Id.* at 6.

The Court finds Firtiva's arguments unpersuasive. As outlined in Funimation's response, both experts considered evidence related to acceptability when the respective experts opined that these NIAs would be acceptable. Dkt. No. 98 at 12-15. Therefore, the Court does not strike Dr. Goldberg's and Ms. Trexler's opinions regarding NIAs.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS-IN-PART** the motion as stated above, and it is otherwise denied.

**SIGNED this 24th day of May, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE