IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FIRTIVA CORPORATION, | § |
| *Plaintiff*, | § § § |
| v. | §  Case No. 2:21-cv-00111-JRG-RSP |
| FUNIMATION GLOBAL GROUP, LLC, | § § § |
| *Defendant*. | § |

### MEMORANDUM ORDER

Before the Court is the Motion to Exclude Unreliable Testimony of Dr. Jeffrey Stec filed by Defendant Funimation Global Group, LLC. Dkt. No. 86. Having considered the briefing, the Court **DENIES** the motion.

### I.  BACKGROUND

On March 31, 2021, Plaintiff Firtiva Corporation filed the present suit against Defendant Funimation Global Group, LLC. Dkt. No. 1. Firtiva alleges that Funimation's advertising video-on-demand ("AVOD") infringes certain claims of U.S. Patent No. 10,116,999 (the "'999 Patent").

On February 7, 2022, Firtiva served two opening reports: Dr. Hashmi's report on infringement and Dr. Stec's report on damages. Dkt. No. 86 at 3-4. In his report on damages, Dr. Stec relies on a declaration from another expert, Dr. Lavian, in which Dr. Lavian provides (1) an overview of the '999 Patent; (2) a discussion of a 2010 article about behavior-targeting of advertisements (the "Beales Article"); and opinions as to whether two different license agreements are technologically comparable to the '999 Patent. *Id.* at 3.

1

## II. LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Federal Rule of Evidence 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although there are various factors that the district court may consider in determining admissibility the ultimate inquiry is whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v.*

*Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III.  DISCUSSION

Funimation seeks to strike Dr. Stec's opinions regarding a reasonable royalty rate arguing that Dr. Stec's opinions are unreliable for two reasons: (1) Dr. Stec relied on Dr. Lavian's declaration for opinions regarding "behaviorally targeted ads" and infringement of the '999 Patent" but Dr. Lavian's declaration contains no such opinions, Dkt. No. 86 at 6, and (2) Dr. Stec "does not mention any facts or opinions about the operation of Funimation's AVOD service or alleged infringement that he relied on from Firtiva's infringement expert, Dr. Hashmi." *Id.* at 8. At bottom, Funimation argues that Dr. Stec's opinion is unreliable because he has no basis to conclude that the AVOD product infringes and that the AVOD product uses behaviorally targeted ads.

The Court agrees with Funimation that Dr. Lavian's declaration never provides opinions as to whether Funimation's AVOD product infringes the claims of the '999 Patent, and the Court also agrees that Dr. Stec's report never specifically states that he relied on Dr. Hashmi. However, simply because these facts are true does not mean that Dr. Stec's report is unreliable and should be excluded under Rule 702.

First, Dr. Stec provides the basis for his understanding that the AVOD product infringes by citing Firtiva's infringement contentions. Dkt. No. 103-1 at 13-14. Additionally, as the damages expert opining about the hypothetical negotiation, Dr. Stec is required to assume that the '999 Patent is infringed. *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 590 F.3d 1301, 1325 (Fed. Cir. 2009) ("The hypothetical negotiation also assumes that the asserted patent claims are valid and infringed."); *see also Robroy Indus.-Texas, LLC v. Thomas& Betts Corp.*, No. 2:15-CV-00512-

WCB, 2017 WL 1319553, *5-6 (E.D. Tex. Apr. 10, 2017); *Kaist IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-CV-01314-JRG-RSP, 2018 WL 2688185, *3 (E.D.Tex. Jun. 5, 2018). Thus, Dr. Stec does not need to rely on Dr. Lavian or Dr. Hashmi to render his damages opinion because, as the damages expert, he can assume the AVOD product infringes the '999 Patent when determining the reasonable royalty that would result from the hypothetical negotiation.

Second, as to the behaviorally targeted ads, Dr. Lavin's declaration clearly states that the claims of the '999 Patent are directed to behavioral targeting and advertisements. Dkt. No. 86-3 at ¶ 29. Dr. Stec cites Dr. Lavin's opinion, Dkt. No. 103-1 at 25, and because Dr. Stec can assume infringement, he can conclude that the infringing AVOD product utilizes behaviorally targeted ads when determining a royalty rate. *Id.* at 27-30. Thus, the Court finds that Dr. Stec's opinions are sufficiently reliable to be admissible under Rule 702.

IV. **CONCLUSION**

For the reasons stated above, the Court **DENIES** the Motion.

**SIGNED this 25th day of May, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE