IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FIRTIVA CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:21-cv-00111-JRG-RSP |
| | § | |
| FUNIMATION GLOBAL GROUP, LLC, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Strike Defendant's Amended Invalidity Contentions and Benjamin F. Goldberg, Ph.D's Expert Opinions Relating to Akadiri '626, filed by Plaintiff Firtiva Corporation. Dkt. No. 89. Having considered the briefing, the Motion is **GRANTED**.

**I.   BACKGROUND**

On March 31, 2021, Firtiva filed the present suit against Defendant Funimation Global Group, LLC. Dkt. No. 1. Firtiva alleges that Funimation's advertising video-on-demand ("AVOD") systems infringe certain claims of U.S. Patent No. 10,116,999 (the "'999 Patent").

On September 9, 2021, Funimation served its Invalidity Contentions pursuant to Local Patent Rules 3-3 and 3-4. Dkt. No. 89 at 1. On February 7, 2022, Funimation served the Opening Expert Report of Dr. Goldberg. *Id.* at 2. In this report, Dr. Goldberg provided opinions that relied on U.S. Pat. No. 9,047,626 ("Akadiri '626"). Later, on February 22, 2022, exactly 50 days after the Court issued its Claim Construction Order, Funimation served Amended Invalidity Contentions ("Amended Contentions"). *Id*. Along with the Amended Contentions, Funimation provided the following statement: "Funimation's amended invalidity contentions [] accounts for the Court's

1

claim constructions provided in the Claim Construction Memorandum Opinion and Order of January 3, 2022." *Id.*

## II. LEGAL STANDARD

Pursuant to Local Patent Rule 3-3, invalidity contentions must, among other requirements, state "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue." P.R. 3-3(a). Additionally, Local Patent Rule 3-6 states that within 50 days of the claim construction order being issued, "each party opposing a claim of patent infringement may serve 'Amended Invalidity Contentions' without leave of court . . . if the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires." P.R. 3-6(a)(2)(B). Otherwise, a party wishing to amend its infringement or invalidity must seek leave "by order of the Court, which shall be entered only upon a showing of good cause." *Id.* at 3-6(b).

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (internal quotation omitted) (quoting *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 U.S. Dist. LEXIS 10934, 2004 WL 1368860, *3 (N.D. Cal. June 16, 2004)). Expert invalidity reports may not introduce theories not previously set forth in invalidity contentions. *Anascape, Ltd. v. Microsoft Corp.*, No. 9:060cv0158, 2008 U.S. Dist. LEXIS 111917, 2008 WL 7180756, *4 (E.D. Tex. May 1, 2008) (striking portions of expert report that exceeded scope of invalidity contentions); *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-cv-333, 2006 U.S. Dist. LEXIS 98445, 2006 WL 5153146, *1 (E.D. Tex. Mar. 27, 2006) (striking portions of expert report relying on prior art not disclosed in invalidity contentions).

"Whether assessed as a late amendment to a pleading or some other discovery violation, the factors relevant to permitting the amendment or excluding the evidence are substantively identical." *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 U.S. Dist. LEXIS 79832, *4 (E.D. Tex. May 24, 2017) (citing *Allergan, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 U.S. Dist. LEXIS 63977, 2017 WL 1512334, at *2 (E.D. Tex. Apr. 27, 2017)). The Fifth Circuit applies a four-factor test to determine whether exclusion of expert testimony based on undisclosed information is an appropriate remedy: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *See Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563-564 (5th Cir. 2004) (internal quotations omitted) (quoting *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

### III.  ANALYSIS

Firtiva argues that Funimation's disclosure of the Akadiri '626 reference for the first time in its Amended Contentions should be stricken based on Funimation's failure to follow the Local Patent Rules. Dkt. No. 89 at 3. Specifically, Firtiva argues that Funimation's Amended Contentions violate P.R. 3-6(a)(2) because none of the Court's claim constructions were "unexpected or unforeseeable." *Id.* at 3-4 (citing *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2018 WL 1695231, at *4 (E.D. Tex. Apr. 6, 2018) ("in determining whether a proposed amendment to infringement or invalidity contentions is made in "good faith," as provided by Local Patent Rule 3-6(a)(1), courts in the Eastern District of Texas have uniformly required the movant to show that the claim construction adopted by the court was "unexpected or unforeseeable."). Firtiva further argues that, Funimation's failure to seek leave before serving the

3

Amended Contentions violates P.R. 3-6(b). Finally, Firtiva argues that, given that the Amended Contentions are improper and the Akadiri '626 reference was not properly disclosed, the Court should strike Dr. Goldberg's invalidity opinions relying on the Akadiri '626 reference.

In response, Funimation makes three arguments: (1) "no new invalidity contentions based on Akadiri '626 have been provided," Dkt. No. 99 at 2; (2) the Claim Construction Order "provided alternate claim constructions that were not proposed by either party on two terms" and "presented new arguments never raised by Firtiva as to why there was no disavowal," *Id.* at 2 n.1; and (3) "good cause" exists to allow the Amended Contentions and Dr. Goldberg's opinions. *Id.* at 3-4.

The Court finds that Funimation failed to comply with the Local Patent Rules when it served its Amended Contentions. First, P.R. 3-3(a) requires that the party asserting invalidity identify "each item of prior art that allegedly anticipates . . . by its number, country of origin, and date of issue." *Id.* Thus, Funimation's first argument—that "no new invalidity contentions" were provided—is unpersuasive because the rules require each anticipation reference be specifically identified, not just general invalidity theories. Therefore, Funimation clearly violated the Local Patent Rules when it failed to identify the Akadiri '626 reference in its contentions.

Next, Funimation violated the Local Patent Rules on amending contentions. For P.R. 3-6(a)(2), the constructions issued in the Claim Construction Order were not "unexpected or unforeseeable" such that Funimation could believe in good faith that it did not need leave to amend its invalidity contentions. This is especially true given that the Court provided notice to both parties of the Court's potential constructions at the claim construction hearing on December 3, 2021. Dkt. No. 68 at 3:16-22 ("The Court: I will also note for the record that earlier this morning we distributed to both sides a set of disputed terms. . . . [T]he intent is to let the parties know where the Court is after the initial review of the briefing and the record."). Thus, Funimation's second

argument is belied by the record. Furthermore, Funimation fails to adequately explain how the Court's constructions were unexpected or unforeseeable beyond simply stating the Court did not adopt either party's proposed claim constructions.

Finally, the Court finds that good cause does not exist to allow the Amended Contentions. The Akadiri '626 reference is of minimal importance because Dr. Goldberg's opinions as to the Akadiri's 626 reference are the same as his opinions as to the other Akadiri reference that was properly disclosed. *See* Dkt. No. 99 at 3. Also, Firtiva would be prejudiced by having to address the improperly disclosed Akadiri '626 reference. Next, there is no possibility of curing such prejudice with a continuance. Finally, Funimation's explanation for its failure to disclose—that Dr. Goldberg's opinions as to the other Akadiri reference equally apply to the Akadiri '626 reference—is unpersuasive.

Because Funimation failed to properly provide notice of its theories as to the Akadiri '626 reference in its contentions, Dr. Goldberg's opinions go beyond what is set forth in Funimation's invalidity contentions. Furthermore, good cause does not exist to allow Dr. Goldberg's opinions for the same reasons good cause does not exist to allow Funimation to amend its contentions. Thus, the Court strikes Dr. Goldberg's opinions that rely on the Akadiri '626 reference because Dr. Goldberg's opinions go beyond what was set forth in Funimation's invalidity contentions. *Anascape*, 2008 WL 7180756, *4; *Visto Corp.*, 2006 WL 5153146, *1.

## IV.   CONCLUSION

Accordingly, the Motion is **GRANTED**. It is therefore **ORDERED** that Dr. Goldberg's invalidity opinions relying on the Akadiri '626 reference are hereby **STRICKEN** and Funimation is precluded from offering any invalidity opinions that rely on the Akadiri '626 reference.

**SIGNED this 1st day of June, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE