IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FIRTIVA CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:21-cv-00111-JRG-RSP |
| | § | |
| FUNIMATION GLOBAL GROUP, LLC, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Strike Portions of Supplemental Expert Report of Dr. Jeffrey A. Stec filed by Defendant Funimation Global Group, LLC. Dkt. No. 142. Having considered the briefing, the Court **DENIES** the Motion.

**I.      BACKGROUND**

On March 31, 2021, Plaintiff Firtiva Corporation filed the present suit against Defendant Funimation Global Group, LLC. Dkt. No. 1. Firtiva alleges that Funimation's advertising video-on-demand ("AVOD") service infringes certain claims of U.S. Patent No. 10,116,999 (the "'999 Patent").

On February 23, 2022, the Court ordered Funimation to produce additional documents relating to Funimation's SVOD (subscription video on demand) system. Dkt. No. 81. Based on this additional production, Dr. Stec, Firtiva's damages expert, drafted a Supplemental Expert Report, which Firtiva served on Funimation. Dkt. No. 142 at 1. Funimation seeks to strike portions of the Supplemental Expert Report.

**II.     LEGAL STANDARD**

An expert required to provide a written report must include "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P.

1

26(a)(2)(B)(i). Parties must provide their expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). A "supplemental" report adds to a previously-served report without going beyond the opinions expressed in the report and without using information available prior to the deadline for service of the supplemented report. *CEATS, Inc. v. TicketNetwork*, Inc., No. 2:15-cv-01470-JRG-RSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018) (citing *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 569-71 (5th Cir. 1996)).

Fed. R. Civ. P. 37 sets the consequences of untimely or insufficient disclosure by a party: "[T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When determining substantial justification or harm, courts consider (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing any such prejudice by a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order or rules. *See Sierra Club*, 73 F.3d at 572 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)).

### III.   DISCUSSION

Funimation argues that Dr. Stec's Supplemental Expert Report contains "new opinions and analysis" and should be stricken because: (1) Firtiva failed to explain "why Dr. Stec could not have disclosed the opinions earlier," (2) "the new opinions are generally cumulative of Dr. Stec's earlier opinions," (3) the delay in providing the new opinions, and (4) the prejudice to Funimation in allowing these opinions at this late stage of the case. Dkt. No. 142 at 2.

In response, Firtiva argues that the Supplemental Expert Report "is the result of and relates directly to Funimation's late document production provided on February 28, 2022," Dkt. No. 150 at 5, and was served "in compliance with the timing requirements of FRCP 26(e) because it was made before the service of pretrial disclosures on April 1, 2022." *Id.* at 6. Alternatively, Firtiva

2

argues that, if the Court finds the supplement was not timely served, then there is good cause to find the late disclosure is harmless. *Id.* at 6-7.

The Court finds that, regardless of whether the Supplement Expert Report is a proper supplemental report or was timely served, the factors weigh in favor of finding good cause to find the disclosure contained in the Supplemental Expert Report is substantially justified.

Beginning with the first factor, importance of the witness's testimony, the Court finds that Dr. Stec's opinions regarding the relationship between the Accused Product and SVOD is highly relevant when determining the royalty base. Additionally, Funimation only argues that the opinions "lack importance to this case because they admittedly did not affect his proposed royalty rate." Dkt. No. 142 at 7. This argument goes more towards the prejudice of allowing Dr. Stec to provide these opinions at trial, not the importance of them. Therefore, the Court finds this factor weighs in favor of finding good cause.

The next factor, the prejudice to the opposing party of allowing the witness to testify, the Court finds that there is minimal prejudice to Funimation. For this factor, Funimation unpersuasively argues that Dr. Stec's opinions would prejudice it because "they were not presented earlier and Funimation was unable to question Dr. Stec about them at his deposition." *Id.* at 8. This argument glosses over that fact that Dr. Stec's opinions were as a result of the Court ordering Funimation to produce documents after the close of fact discovery and after Firtiva served Dr. Stec's Opening Expert Report. *See* Dkt. No. 142 at 3. Thus, Funimation's argument is that Dr. Stec should have provided opinions in his opening report based on information that was not available to him, and he should have also provided deposition testimony that was beyond his opening report after having only four days to review the late-produced documents.

Additionally, Funimation's argument that it would not be able to address Dr. Stec's opinions is undercut by Funimation's argument that Dr. Stec's opinions in his Supplemental Expert

3

Report are largely cumulative of his previous opinions. Because the opinions are largely cumulative, Funimation's rebuttal expert report is largely responsive to both Dr. Stec's Opening and Supplemental Expert Report, thus minimizing the potential prejudice.

Finally, the Court finds unpersuasive Funimation's argument that Dr. Stec's opinions "would also cause juror confusion and create a side-show about what was funneled or not funneled to SVOD . . . ." *Id.* at 8. Overall, the Court finds that there is minimal prejudice to Funimation and thus this factor weighs in favor of finding good cause.

The third factor, the possibility of curing any such prejudice by a continuance, is largely neutral. Although there is little room for a continuance it would be unnecessary to cure the minimal prejudice to Funimation.

Finally, for the explanation for the party's failure to comply with the discovery order or rule, Firtiva's explanation for not disclosing Dr. Stec's opinions before his Supplemental Expert Report weighs strongly in favor of finding good cause. As explained by Firtiva, Dr. Stec's opinions are in response to Funimation's compelled production. The Court finds that is a valid explanation for not previously disclosing the opinions, especially given the minimal change in Dr. Stec's overall conclusion as to damages. Thus, this factor weighs in favor of finding good cause.

IV.  **CONCLUSION**

Because the majority of factors weigh in favor of finding good cause, the Court finds that any violations based on the opinions contained in Dr. Stec's Supplemental Expert Report are harmless. Therefore, the Court **DENIES** the Motion (Dkt. No. 142).

**SIGNED this 1st day of June, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE